# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KRISTEN PIERSON,<br><br>                    Plaintiff,<br><br>v.<br><br>PREMIER ENTERTAINMENT II, LLC,<br>d/b/a NEWPORT GRAND,<br><br>                    Defendant. | CASE NO.: ___<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** _____ |

Plaintiff, Kristen Pierson ("Plaintiff"), by her undersigned attorneys, Duane Morris LLP, for her Complaint alleges as follows:

## SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

2. Plaintiff Kristen Pierson is an individual doing business as Kristen Pierson Photography and has a mailing address at P.O. Box 97, Coventry, Rhode Island, 02816.

3. Upon information and belief, defendant Premier Entertainment II, LLC d/b/a Newport Grand ("Defendant") is a limited liability company formed and registered in the State of Delaware.  Defendant's registered agent, Corporation Service Company, is located at 2711 Centerville Road, Suite 400, Wilmington, Delaware.  Upon information and belief, Defendant has a principal place of business at 100 Twin River Road, Lincoln, Rhode Island, 02865.

## JURISDICTION AND VENUE

4.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5.      Personal jurisdiction over Defendant is proper because Defendant is a Delaware entity.  Additionally, Defendant conducts business and has committed a tort this District.  Specifically, the copyright infringement underlying this lawsuit was committed in the course of Defendant's on-line advertising activities in support of the company's business activities and was available to be displayed and distributed to on-line viewers in this State, which has caused Plaintiff to suffer harm in this District.

6.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims asserted occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.      Plaintiff's Business

7.      Plaintiff is a professional photographer and, through her business, creates and licenses photographic images for various uses.

8.      Plaintiff specializes in photographic images of special events, including live music performances, as well as portraiture and commercial photography.  Plaintiff is the original author of a stylized and popular photographic image of the band "Human Clay" during a live performance, the photographic work that is at issue in this case (the "Copyrighted Work").

9.      Attached hereto as **Exhibit A** is a copy of the Copyrighted Work.

10. Within three months of the date that Plaintiff first published the Copyrighted Work, and timely for the purposes of recovering statutory damages and attorneys' fees pursuant to 17 U.S.C. § 412, Plaintiff obtained the following registration with the United States Copyright Office for a collection of photographic images, including the Copyrighted Work: VA 1-855-221. Attached hereto as **Exhibit B** is a copy of the registration VA 1-855-221 issued by the United States Copyright Office.

11. Plaintiff is the exclusive owner of all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

B. Defendant's Unlawful Activities

12. Upon information and belief, Defendant limited liability company is in business to develop and promote casinos, bars, and entertainment venues.

13. Upon information and belief, Defendant promotes and advertises its services at several websites, including the websites located at the URLs:

- http://goingout.com/ri;
    and
- http://casinoin.us/.

14. Plaintiff discovered instances in which Defendant was infringing Plaintiff's exclusive copyrights in the Copyrighted Work and/or causing and inducing others to infringe on Plaintiff's exclusive copyrights in the Copyrighted Work, by reproducing, distributing, and publicly displaying the Copyrighted Work to promote Defendant's services at websites located at the following URLs ("Infringing Works"):

- https://goingout.com/venue_data/ri/220/524db80480ee75.18234418.jpg;
- https://casinoin.us/wp-content/uploads/2015/07/NewportGrandSlot3-500x330.jpg;

- https://s-media-cache-ak0.pinimg.com/originals/81/de/1d/81de1df35587fbedbdf59243d4a7d327.jpg;

- http://goingout.com/ri/special-events/4582/Newport-Grand-Slots-FREE-CONCERT-CREED-Tribute-Show;

- http://goingout.com/ri/220/4582/photo/524db80480ee75.18234418;

- https://casinoin.us/land-based-casinos/rhode-island/newport-grand-slots/; and

- https://www.pinterest.com/pin/374713631470382027/.

15. Defendant's reproduction, distribution, and public display of the Copyrighted Work is without Plaintiff's permission.

16. Defendant's acts of inducing others to reproduce, distribute, and publicly display the Copyrighted Work is without Plaintiff's permission.

17. Copies of screenshots demonstrating Infringing Works are attached hereto as **Exhibit C**.

18. Through counsel, Plaintiff served written notice on Defendant of its infringement, demanding that Defendant cease and desist its infringement and inducement of infringement, and that Defendant compensate Plaintiff for the otherwise unauthorized misappropriation of her Copyrighted Work.

19. Following Plaintiff's demand, Defendant removed the Infringing Works from its website, or blocked their display, for at least the time being. On information and belief, Defendant also caused the Infringing Works to be removed from, or to blocked from display on, the third party websites Defendant had induced to copy, distribute and display Infringing Works, for at least the time being, which demonstrates Defendant's ability to control the posting and

display of the Infringing Works on those third party websites. At the same time, Defendant has disavowed any responsibility for taking action to cease or prevent further copying, distribution and display of the Infringing Works by those third party websites.

20. Despite Plaintiff's repeated demands, however, Defendant has refused to compensate Plaintiff for the unauthorized copying, distribution and display of the Copyrighted Work by the Defendant and third parties induced by the Defendant.

21. In refusing to pay any compensation to the Plaintiff for its use of the Copyrighted Work for Defendant's own commercial benefit, Defendant represented that it believed it had received permission to post the Copyrighted Work from a member of the band Human Clay in order to advertise the band's performance at the Defendant's facility.

22. Rick Lanigan, on behalf of Human Clay, purchased a personal use download license from the Plaintiff to use the Copyrighted Work on personal social media sites.

23. The license purchased by Rick Lanigan on behalf of the band Human Clay did not permit, and expressly prohibited, any third party distribution and licensing. Further, the license purchased by Rick Lanigan on behalf of the band Human Clay prohibited any form of commercial use or distribution of the Copyrighted Work.

24. Rick Lanigan and the band Human Clay had no license, permission or authority, to distribute the Copyrighted Work to the Defendant, or to authorize or permit the Defendant to reproduce, distribute or display the Copyrighted Work. As a result, the Defendant never obtained a license, permission or authorization to reproduce, distribute or display, or to induce any third party to reproduce, distribute or display, the Copyrighted Work.

25. Although the Defendant has represented that it believed it obtained access to the Copyrighted Work in order to promote the band Human Clay's single performance at the

Defendant's facility, in fact Defendant reproduced, distributed and displayed and induced third parties to reproduce, distribute and display the Copyrighted Work for the promotion of Defendant's business activities generally, unconnected to the single performance of the band Human Clay at its facility.

     26.    Defendant's intentional use of the Copyrighted Work to promote its general business activities despite believing that it obtained access to the Copyrighted Work the purpose of only promoting a single performance of the band Human Clay, constituted willful infringement of Plaintiff's exclusive rights in the Copyrighted Work.

## CLAIMS FOR RELIEF

## COUNT 1: DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq.*)

27. Plaintiff realleges paragraphs 1 through 26 above and incorporates them by reference as if fully set forth herein.

28. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff exclusively owns all rights, title and interest in and to the copyrights in the Copyrighted Work.

29. Upon information and belief, as a result of Defendant's purchase of a Personal Use Download license of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Works.

30. Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501 *et seq.*, by reproducing the Copyrighted Work, and by distributing and publicly displaying the Infringing Works.

31. Upon information and belief, Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work has been willful and deliberate and Defendant has profited from its infringement at the expense of the Plaintiff.

32. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000, or such other amounts as may be found to be appropriate after trial, plus her costs and attorneys' fees, pursuant to 17 U.S.C. § 505. Alternatively, at Plaintiff's option, Plaintiff is entitled to recover her actual damages, pursuant to 17 U.S.C. § 504(b), in an amount to be determined at trial, plus

disgorgement of Defendant's profits, resulting from Defendant's unauthorized use of the Copyrighted Work.

33.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### COUNT 2: INDUCEMENT OF COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

34.     Plaintiff realleges paragraphs 1 through 33 above and incorporates them by reference as if fully set forth herein.

35.     Upon information and belief, Defendant materially contributed to and induced the unauthorized copying, distribution and display of the Copyrighted Work by posting the Copyrighted Work online on third party websites in order to promote Defendant's commercial interests.

36.     Upon information and belief, Defendant knew or should have known that its actions would induce others to reproduce, distribute, and/or display the Copyrighted Work without license, permission or authority, in violation of Plaintiff's exclusive copyrights.

37.     As a result of Defendant's inducement of, and contribution to, the infringement by third parties of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff has suffered harm.

38.     As a direct and proximate result of Defendant's contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000, or such other amounts as may be found to be appropriate after trial, plus her costs and attorneys' fees, pursuant

to 17 U.S.C. § 505. Alternatively, at Plaintiff's option, Plaintiff is entitled to recover her actual damages, pursuant to 17 U.S.C. § 504(b), in an amount to be determined at trial, plus disgorgement of the profits resulting from the unauthorized use of the Copyrighted Work induced by Defendant's actions.

## COUNT 3: VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
## (17 U.S.C. § 1202)

39.     Plaintiff realleges the allegations of the preceding paragraphs 1 through 38 and incorporates them by reference as if fully set forth herein.

40.     The digital copy of the Copyrighted Work licensed on behalf of the band Human Clay, which Defendant claims to have obtained, contained Plaintiff's copyright management information displayed in a watermark on the Copyrighted Work. On information and belief, Defendant has intentionally removed, or caused to be removed, Plaintiff's copyright management information by cropping or otherwise altering the Copyrighted Work before reproducing, displaying and distributing, and inducing third parties to reproduce, display and distribute, the Infringing Works.

41.     Upon information and belief, Defendant removed and/or altered Plaintiff's copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's exclusive copyrights in the Copyrighted Work.

42.     Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were willful.

43.     By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has sustained and will continue to sustain harm.

44. Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

45. In lieu of Defendant's profits derived from its violations of the Digital Millennium Copyright Act or Plaintiff's actual damages, Plaintiff may elect, and is entitled, to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

46. Plaintiff is entitled to recover her costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

WHEREFORE, Plaintiff demands judgment in her favor as follows:

1. A declaration that Defendant has directly and contributorily infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that Defendant's direct and contributory infringement was willful;

3. An award of such of actual damages caused by, and disgorgement of Defendant's profits in connection with, Defendant's direct and contributory copyright infringement under 17 U.S.C. § 504(b) in amounts to be determined at trial, or, at Plaintiff's election, an award of statutory damages under 17 U.S.C. §§ 504(c) in an amount to be determined by the Court up to a maximum of $150,000 based on Defendant's willful infringement of the Copyrighted Work;

4. An award of Plaintiff's costs and disbursements incurred in this action to enforce her exclusive copyrights in the Copyrighted Work, including her reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 15 U.S.C. § 1117;

5. A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally cropping or otherwise altering the Copyrighted Work in order to remove Plaintiff's copyright management information when copying, distributing and publicly displaying, and inducing third parties to copy, distribute and publicly display, the Infringing Works, in order to conceal Defendant's infringement of Plaintiff's exclusive copyrights;

6. Award Plaintiff all gains, profits, property, and advantages obtained or derived by Defendant from its violations of the Digital Millennium Copyright Act or, in lieu thereof and at Plaintiff's election, such statutory damages as the Court shall deem proper under 17 U.S.C. § 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

7. An award to Plaintiff of its costs and disbursements incurred in pursuing Count 3 of this action, including its reasonable attorneys' fees, pursuant to 17 U.S.C. §§ 505 and 1203(b)(5);

8. An award of interest, including pre-judgment interest, on all the foregoing damage sums;

9. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

(a) directly, indirectly or contributorily infringing Plaintiff's exclusive copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

11

      (b)    directly or indirectly removing or altering any copyright management information from Plaintiff's Copyrighted Work.

10.    For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated:  April 22, 2016　　　　　　　　　　　　　Respectfully Submitted

**DUANE MORRIS LLP**

/s/ *Oderah C. Nwaeze*
Oderah C. Nwaeze (I.D. No. 5697)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware  19801
Tel: (302) 657-4900
Fax: (302) 657-4901
onwaeze@duanemorris.com

Steven M. Cowley*
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110-1724
Tel.: (857) 488-4261
smcowley@duanemorris.com
**Pro Hac Vice* Application to be submitted

*Attorneys for Plaintiff Kristen Pierson*